IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KAREN SPRADLIN § | | |
| Plaintiff, § | | |
| § | | |
| V. § | CIVIL NO. 4:23-CV-54-BJ | |
| § | | |
| TARRANT COUNTY COMMUNITY § | | |
| COLLEGE, § | | |
| Defendant. § | | |

## MEMORANDOM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant Tarrant County Community College ("TCCC")'s Motion to Dismiss [doc. 26], filed on September 12, 2023. For the reasons stated herein, TCCC's Motion to Dismiss [doc. 26] should be **GRANTED IN PART** as to the retaliation and IIED claims and **DENIED IN PART** as to the sex discrimination claim.

### I.   BACKGROUND

Plaintiff Karen Spradlin ("Spradlin") worked for TCCC until she retired on September 30, 2019. (Plaintiff's Second Amended Compliant ("Complaint") at 8). Spradlin alleges that prior to her retirement she was the subject of discrimination and retaliation from her co-workers and supervisors at TCCC. (*Id.* at 5–11). After her retirement, on March 16, 2020, Spradlin retained "Dr. Ralph Steele, Esq." ("Steele"), believing that he was a licensed employment law attorney.[1] (*Id.* at 2). Spradlin hired Steele to prosecute her claims through the Texas Workforce Commission ("TWC") and Equal Employment Opportunity Commission ("EEOC"), as well as through the

---

[1] While it is not clear from the pleadings how much Spradlin paid Steele, she does allege that she paid him for his services.

1

Court process, if necessary. (*Id.*)  Steele informed Spradlin that her claim had been filed but that there were extensive delays due to the Covid-19 pandemic. (*Id.*)  Further, Spradlin alleges that, over the next few years, she consistently checked in with Steele, at his office, and that he would reassure her that her claims had been timely filed and were progressing through the "tedious litigation process." (*Id.*)  Spradlin trusted Steele and believed that her claims were being pursued, even to the point of filing this case. (*Id.* at 3).

On April 7, 2023, Spradlin received her first inclination that Steele was not being completely truthful with her when he quit responding to her emails and calls and indicated to her that he would find her another lawyer because he was no longer able to handle the case. (*Id.*)  After several weeks of trying to communicate with Steele and waiting for him to transition her to a new attorney, Spradlin received this Court's May 8, 2023 Order regarding the service of process. (*Id.*; *see* ECF 5).  Upon receiving this Court's Order, Spradlin attempted to contact Steele to find out what was going on. (Complaint at 3).  When Steele did not respond, Spradlin contacted the Court and learned that Steele apparently filed this lawsuit on her behalf, but that she was a *pro se* litigant. (*Id.* at 4).  After learning this, Spradlin contacted the State Bar of Texas who informed her that Steele is not an attorney and that he has a history of defrauding people through the unauthorized practice of law. (*Id.*)  It was only after this discovery that Spradlin learned that Steele had not done what he had been representing to her, her charges were not timely filed, and this case had serious defects. (*Id.*)  Subsequently, Spradlin hired counsel who now represent her in this case. (*See* ECF 6).

2

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Twombly*, 550 U.S. at 545. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take

judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Court may consider a "written document that is attached to a complaint as an exhibit" as well as "documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Tex. Health and Hum. Servs. Comm. v. U.S.*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (citations are internal quotation marks omitted).

### III. ANALYSIS

In this case, Spradlin alleges three causes of action against TCCC: (1) sex discrimination; (2) retaliation; and (3) intentional infliction of emotional distress ("IIED"). (Complaint at 8–12). TCCC argues that all three of Spradlin's claims should be dismissed because she failed to exhaust her administrative remedies and failed to plead a plausible claim upon which relief can be granted. (*See generally* Defendant's Motion to Dismiss ("Def.'s Mot.")). In response, Spradlin asserts that equitable tolling should be applied in this case and she has sufficiently alleged her claims. (*See generally* Plaintiff's Response ("Pl.'s Resp.")). The Court will address each claim in turn.

#### A. <u>Sex Discrimination Claim</u>

TCCC argues that Spradlin's sex discrimination charge should be dismissed because she failed to exhaust her administrative remedies. (Def.'s Mot. at 3–6). Specifically, TCCC asserts that Spradlin failed to file her EEOC Charge within the statutorily allowed time frame. (*Id.*) In response, Spradlin does not dispute that her EEOC Charge was not timely filed, however, she argues that equitable tolling should be applied in this case. (Pl.'s Resp. at 3–7). In both its motion and reply, TCCC asserts that Spradlin has not sufficiently plead facts to show that she is entitled to equitable tolling. (Def.'s Mot. at 4–6; Defendant's Reply ("Def.'s Reply") at 1–3).

In this case, it is undisputed that Spradlin's claim was not timely filed. (*See generally* Complaint, *see also* Pl.'s Resp; *also* Def.'s Mot.). Therefore, unless equitable tolling applies, Spradlin's sex-discrimination claim is barred. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is . . . a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). "Equitable tolling is to be applied 'sparingly.'" *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). The plaintiff has the burden of justifying the tolling. *Id.* The Fifth Circuit has described three bases for equitable tolling. *Id.* A plaintiff may show either: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; [or] (3) the EEOC's misleading the plaintiff about the nature of her rights. *Id.* This list, however, is not exhaustive and "leaves the door open" for a court to recognize other exceptions. *Id.* Additionally, the Court is more forgiving "when a claimant or her attorney has exercised due diligence in pursuing her right." *Id.* Spradlin does not contend that she established one of the three bases for equitable tolling. Rather, Spradlin argues that she has pled sufficient facts to show that she exercised due diligence in pursuing her claims and that this constitutes a unique and rare circumstance in which equitable tolling is appropriate. (Pl.'s Resp. at 4–8; Complaint at 2–4).

The Fifth Circuit has held that a plaintiff exercises due diligence in pursuing her claim when she does "'not sleep on [her] rights'" and "t[akes] some step recognized as important by the statute before the end of the limitations period." *Perez v. United States*, 167 F.3d 913, 918 (5th Cir. 1999) (quoting *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 429 (1965)). A plaintiff may be

5

entitled to equitable tolling when she sufficiently pleads that she diligently pursued her rights, and that some extraordinary circumstance led to the untimely filing. *Holland v. Florida*, 560 U.S. 630, 649 (2010).

In this case, Spradlin pled that on March 16, 2020—before the expiration of both the TWC's 180-day deadline and EEOC's 300-day deadline—she hired Steele to represent her in her TWC/EEOC claims. (Complaint at 2, 8). Spradlin further pled that she believed that Steele was an attorney with extensive experience in employment law. (*Id.* at 2). Further, Spradlin pled that she provided Steele with all relevant information for her claim, she checked in with him, and he consistently represented to her that her claim had been delayed because of the Covid-19 pandemic.[2] (*Id.*) However, in reality, Steele was not an attorney, and he took no action until August 11, 2020, when he filed a charge with the TWC. (*Id.* at 3). Subsequently, after being notified that the charge filed with the TWC was untimely, Steele filed Spradlin's EEOC Charge, 452 days late, on October 3, 2021. (*Id.*) After receiving notice that the EEOC Charge was untimely, Steele filed this case on Spradlin's behalf, but listed her as a *pro se* plaintiff. (*Id.*; see ECF 1).

While courts are to apply equitable tolling sparingly, the Court finds that Spradlin has sufficiently pled facts to show the type of unique and rare circumstance for which equitable tolling was created. Taking her factual allegations as true, Spradlin took steps to pursue her claims by hiring Steele and providing him with the relevant information to file her claims. Spradlin trusted Steele, who she believed to be a licensed attorney, when he told her that her charges had been filed

---

[2] TCCC correctly points out that a plaintiff can not rely on Covid-19 as an excuse for an untimely filing. (Def.'s Mot. at 5 (citing *HavMmeri v. Methodist Health Sys. Of Dallas*, No. 3:22-cv-594-E, 2023 WL 4712206, at *7 (N.D. Tex. June 16, 2023)). The Court however finds that it is different in kind to blame Covid-19 for an untimely filing and to believe your "attorney" when they tell you that the processing of your charge has been delayed because of Covid-19.

6

timely and the process had been delayed because of Covid-19. Additionally, the communications from the TWC and EEOC, that the charges were untimely, were sent to Steele and not Spradlin. Spradlin had no reason to know that Steele was not an attorney, her charges had not been filed when she was told they were, nor the process was not moving along like Steele was telling her. Steele took the correct steps to preserve her claim, he filed a charge with the TWC, then he filed a charge with the EEOC, then, after receiving the right to sue, filed this case. At all times Steele represented to Spradlin that the process was working and he would keep her apprised of the next steps. Spradlin had no reason not to trust her "attorney." Spradlin, in an effort to pursue her claims, hired a person who she believed to be an attorney and ended up the victim of an elaborate con, which, without her knowledge, prevented the timely filing of her sex-discrimination charges. Therefore, the Court finds that Spradlin has sufficiently pled that she diligently pursued her rights, and that a unique and extraordinary circumstance prevented the timely filing of her charges. Accordingly, the Court finds that equitable tolling is appropriate and that TCCC's Motion is **DENIED** as to Spradlin's sex-discrimination claim.

### B. Retaliation Claim

Next, TCCC argues that Spradlin did not exhaust her administrative remedies because she failed to allege retaliation in her EEOC Charge, and, thus, is barred from bringing her retaliation claim. (Def.'s Mot. at 6–7). Additionally, and in the alternative, TCCC asserts that Spradlin failed to plead sufficient facts to state a plausible claim for retaliation. (*Id.* at 7–8). In response, Spradlin reasserts her equitable tolling argument and states that she has alleged sufficient facts to establish a plausible claim for retaliation. (Pl.'s Resp. at 10–12).

Though the administrative exhaustion requirement is not jurisdictional, failure to meet this requirement can bar liability. *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018). Requiring administrative exhaustion is a "mainstay of proper enforcement of Title VII remedies." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272 (5th Cir. 2008). The purpose of the charge is to "trigger the investigatory and conciliatory procedures of the EEOC." *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). Allowing claims in court that have not been administratively exhausted would "thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain*, 519 F.3d at 273.

To this end, the claims an employee can bring in a lawsuit are limited to "the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco*, 448 F.3d at 789 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). While the scope of an EEOC charge should be "construed liberally," filing a charge is not *carte blanche* to bring any claim possible under Title VII. *See id.* at 788–89. The charge's substance, not just its label, determines the scope of claims that a plaintiff may bring. *Id.* at 789. For example, courts have barred plaintiffs' claims for sex discrimination due to a lack of administrative exhaustion despite similar claims of race and age discrimination in the EEOC charge because there was "no evidence that the EEOC considered sex discrimination." *See, e.g.*, *Young v. City of Hous.*, 906 F.2d 177, 179–80 (5th Cir. 1990).

A review of Spradlin's EEOC Charge shows that she did not check the box for retaliation, nor did she include any allegations that could be used to form the basis of her retaliation claim. (Def.'s Mot. at Exhibit B). The only allegation that Spradlin makes in her EEOC Charge is that she was subject to sex discrimination because of unequal pay. (*Id.*) Therefore, Spradlin has not

8

exhausted her administrative remedies as to her retaliation claim, and, thus, is barred from bringing it in this case. Accordingly, Spradlin's retaliation claim is **DISMISSED WITH PREJUDICE**.

### C. Intentional Infliction of Emotional Distress Claim

Finally, TCCC argues that Spradlin's IIED claim should be dismissed because it is barred by the Texas Tort Claims Act ("TTCA"). (Def.'s Mot. at 8–9). In her response, Spradlin does not address TCCC's argument, but rather, asserts that she has sufficiently alleged her IIED claim. (Pl.'s Resp. at 12–14). The TTCA provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages. *See* Tex. Civ. Prac. & Rem. Code § 101.023; *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). The TTCA's limited waiver of governmental immunity for certain tort claims expressly does not apply to claims "arising out of assault, battery, false imprisonment, ***or any other intentional tort***." Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (emphasis added); *see also Melton v. Waxahachie Police Dep't*, No. 3:21-CV-2854-K-BH, 2022 WL 3636616, at *14 (N.D. Tex. Aug. 8, 2022), rep. and recommendation adopted, No. 3:21-CV-2854-K, 2022 WL 3639506 (N.D. Tex. Aug. 23, 2022), *aff'd*, No. 22-10897, 2023 WL 3051898 (5th Cir. 2023) (citing *Swiat v. Fort Worth*, No. 4:10-CV-354-A, 2011 WL 2559637, at *5 (N.D. Tex. June 28, 2011) (considering the scope of § 101.057(2)); *Humphreys v. Ganado*, 467 F. App'x 252, 256–57 (5th Cir. 2012) (identifying malicious prosecution as an intentional tort); *T.R. Hoover Cmty. Dev. Corp. v. City of Dallas*, No. 3:06-CV-2148-O, 2009 WL 256000, at *2 (N.D. Tex. Feb. 3, 2009) (identifying tortious interference as an intentional tort); *Jimenez v. Conley Mag.*, LLC, No. SA-06-CA-1013-XR, 2006 WL 3716649, at *2 (W.D. Tex. Dec. 14, 2006) (recognizing that invasion of privacy is an intentional tort); *Jackson v. Sheriff of Ellis Cty.*, 154 F. Supp. 2d 917, 921 (N.D. Tex. 2001) (stating

9

that intentional infliction of emotional distress is an intentional tort).

In this case, Spradlin's only tort claim is for IIED. (*See generally* Complaint). IIED is an intentional tort. *See, e.g., Jackson*, 154 F. Supp. 2d at 921. Therefore, the Court finds and concludes that TCCC has immunity under the TTCA from Spradlin's IIED claim. Accordingly, Spradlin's IIED claim is **DISMISSED WITH PREJUDICE**.

### IV.  CONCLUSION

Based on the foregoing, TCCC's Motion to Dismiss [doc. 26] should be **GRANTED IN PART** as to the retaliation and IIED claims and **DENIED IN PART** as to the sex discrimination claim.

SIGNED December 1, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE